✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA
V.
__RAVON JAMAR PATTON__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case  1:08 cr 128-10

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
    - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    - ☐ an offense for which the maximum sentence is life imprisonment or death.
    - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
    - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense
  - X for which a maximum term of imprisonment of ten years or more is prescribed in __21 U.S.C. § 841(a)(1)__.
  - ☐ under 18 U.S.C. § 924(c).

X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  X clear and convincing evidence  ☐ a preponderance of the evidence that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____
*Date*

_____
*Signature of Judge*
Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:08cr128-10

**UNITED STATES OF AMERICA,**

Vs.                                                                                          **ADDENDUM TO**
                                                                                             **DETENTION ORDER**

**RAVON JAMAR PATTON.**

_____

**I.   FACTORS CONSIDERED**

**18 U.S.C. § 3142:**

**(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

**(1)**  The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)** the weight of the evidence against the person;

**(3)**  the history and characteristics of the person, including--

   **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II. FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a controlled substance, that being the sale of crack cocaine. The evidence further showed the offense involved the defendant using a firearm in committing a crime of violence in that the evidence showed that on October 13, 2007 the defendant sold crack cocaine to an informant and then as the informant was leaving the scene the defendant attempted to assault the informant by shooting a firearm at the informant.

**(g)(2):** The weight of the evidence against the person appears to be strong and significant. The defendant sold cocaine on October 13, 2007 to an informant and then discharged a firearm at the informant and further when the defendant was arrested on January 13, 2009 the defendant had 10 grams of cocaine base located inside his prosthetic leg. The defendant also had three firearms in his residence.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties in the Burke County community and he has a length of residence in Burke County. The defendant has a significant disability in that his right leg has been amputated and he uses a prosthesis. The defendant has a significant history regarding substance abuse. The defendant has used marijuana from age 14 until December 2008 and cocaine from age 21 until December 2008. The defendant is 23 years old. In regard to the defendant's criminal history relating to drug or alcohol abuse, the records show that the defendant was convicted on April 25, 2008 of possession of an open container of alcohol in the passenger area of a vehicle.

In addition to the above referenced offense, the defendant has the following additional criminal convictions:

| Offense | Conviction Date |
|---|---|
| No operators license | 02/04/04 |
| No operators license | 03/01/07 |
| Carrying a concealed weapon | 06/25/08 |
| Fictitious registration tag | 04/07/08 |
| Driving while license revoked | 11/03/08 |

The defendant's record concerning appearance at court appearances shows that the defendant failed to appear in regard to a charge of failure to wear a seatbelt which the court does not consider significant.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does exist. At the time of his arrest, the defendant was serving a term of unsupervised probation for two charges, one being for having a fictitious registration tag and the other being a charge of driving while license revoked. Further, the defendant had been charged on December 20, 2007 with felony assault with a deadly weapon inflicting serious injury and had been released on bond. Further, he had been charged on October 23, 2008 with possessing a fictitious drivers license and had been released on bond.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate that the release of the defendant would create a risk of harm or danger to any other person or the community. The defendant is charged with an offense for which it is presumed there are no conditions of release which would assure the safety of the community. This presumption is subject to rebuttal by the defendant. Evidence was presented by the government that on October 13, 2007 the defendant sold crack cocaine to an informant. As the informant was leaving the defendant's residence, the defendant discharged a firearm at the informant. Evidence was further presented that on November 2, 2007 the defendant shot a relative who resided at the same residence with a firearm. Charges against the defendant for that event are pending. Evidence was further presented that when the defendant was arrested on January 13, 2009 a search was made of the defendant's prosthesis and 10 grams of crack cocaine were found inside the prosthesis. Three firearms were found in the defendant's residence. This, along with the defendant's criminal history for carrying a concealed weapon, shows by clear and convincing evidence the release of the defendant would create a risk of harm or danger to any other person or the community and therefore the undersigned has determined to enter an order detaining the defendant. The presumption has not been rebutted.

The undersigned does not find by a preponderance of the evidence that the release of the defendant would create a risk of flight on his part.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: January 23, 2009

Dennis L. Howell
United States Magistrate Judge